**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CIVIL ACTION NO: 25-CV-00036** |
| | ) | |
| **VERSUS** | ) | **JUDGE CAIN** |
| | ) | |
| **HENRY GOOLSBY, III M.D.,** | ) | **MAGISTRATE JUDGE LEBLANC** |
| **PATRICIA LENAE GOOLSBY, and** | ) | |
| **INFINITE HEALTH INTEGRATIVE** | ) | |
| **MEDICINE CENTER, INC.** | ) | |

## MOTION FOR ENTRY OF CONSENT JUDGMENT

Under Fed.R.Civ.P. 58, the United States of America, through the undersigned Assistant United States Attorney and on behalf of the Department of Health and Human Services (HHS) and the Centers for Medicare & Medicaid Services (CMS), moves for the entry of a consent judgment against Defendants in the amount of $450,000 in order to resolve all claims by HHS and CMS against Defendants for the reasons set forth herein.

## INTRODUCTION

1.

The United States of America has asserted claims against Henry Goolsby, M.D. ("Dr. Goolsby"), Patricia Lenae Goolsby ("Mrs. Goolsby") and Infinite Health Integrative Medicine Center, Inc. ("Infinite Health"), to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon the Defendants' submitting or causing to be submitted over one hundred false claims for payment to Medicare.

**JURISDICTION AND VENUE**

2.

The Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1367(a).

3.

The Court has personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because the Defendant has committed the acts giving rise to the United States' claims in this District.

4.

Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) as the subject transactions took place in the Western District of Louisiana – specifically the Lake Charles Division.

**FACTUAL BASIS FOR CONSENT JUDGMENT**

5.

At all relevant times, Defendants supplied health care services and products to beneficiaries of the United States' program of Health Insurance for Aged and Disabled, 42 U.S.C. §§ 1395-1395111 ("Medicare").

6.

From November of 2018 through April of 2020, Defendants submitted or caused to be submitted one hundred and one claims for payment to Medicare under HCPCS code L8679, for which Defendants were paid for a total of $313,265.

7.

HCPCS L8679 is the code for an implantable neurostimulator and pulse generator. This procedure requires the provider to perform surgery by making an incision on the patient’s back and placing the leads (medical wires) that deliver the stimulation into the epidural space on the spinal cord. Payment for the surgical procedure requires the service to be performed in a surgery center. When billed in an outpatient center HCPCS L8679 is non-payable. (Exh. A, Stipulations to Judgment).

8.

The underlying procedure for which Defendants submitted those claims involved Dr. Goolsby's application of a "P-Stim" device in an office setting. P-Stim is a device that, pursuant to manufacturer's instructions, is affixed behind a patient's ear using an adhesive. Needles are inserted into the patient's ear and affixed using another adhesive. Once activated, the device then provides intermittent stimulation by electrical pulses. It is a single-use, battery-powered device designed to be worn for approximately four days until its battery runs out, at which time the device is thrown away. (Exh. A)

9.

The United States Food and Drug Administration cleared P-Stim as an electro-acupuncture stimulator device.

10.

Medicare does not reimburse for acupuncture. Medicare also does not reimburse acupuncture devices such as P-Stim.

11.

Medical records produced by the Defendants or their contractor show Dr. Goolsby applied P-Stim simply using adhesive and insertion of a limited number of needles, and that the "procedure" did not involve surgery, anesthesia, or take place in an operating room. (Exh. A).

12.

The Government contends that the Defendants' submission of claims for P-Stim devices under code HCPCS L8679 constitutes a violation of the False Claims Act, rendering the Defendants liable for treble damages and penalties. The Defendants deny liability.

13.

Federal regulations permit the United States Attorney to accept offers in compromise of claims asserted by the United States in cases in which a qualified financial expert has determined that the offer in compromise is likely the maximum the offeror has the ability to pay. 28 C.F.R. § 0.160 and Appendix to Subpart Y. In this case, a qualified financial expert has reviewed financial disclosures provided by the Defendants and assisted in determining the appropriateness of the settlement amount.

**PRAYER**

WHEREFORE, in order to resolve the United States' claims against Defendants as set forth herein and in the attached Stipulation to Judgment, Exhibit A, the United States prays that the Court enter the proposed Consent Judgment submitted herewith.

Respectfully submitted,

ALEXANDER C. VAN HOOK
Acting United States Attorney

BY: *s/ Melissa L. Theriot*

MELISSA L. THERIOT (#22628)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618
Facsimile: (337) 262-6693
Email: melissa.theriot@usdoj.gov